## Boone, et al. v. Robinson, et al.

(Decided November 4, 1915.)

### Appeal from Clark Circuit Court.

Boundaries—Division Line—Action to Establish.—The parties were joint owners of a lot supposed to be rectangular in shape, and they made deeds of partition upon that theory. It now appears that the rear line is 29 inches shorter than the front. The appellants were part owners of a lot adjacent to the one they took in partition, and subsequently joined in a deed with the other owners conveying the adjacent lot. The vendee of that lot, under his deed, encroached upon appellant's lot 29 inches. Held, appellants can not compel appellees to bear any of the shortage or readjust the division line in order to save appellants from any of the loss.

J. SMITH HAYS, ELMER D. HAYS and J. SMITH HAYS, JR., for appellants.

J. M. STEVENSON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is a second appeal. The appellees were the plaintiffs below and at the first trial demurrer was sustained to their petition. This court held that the petition stated a cause of action, and the judgment was reversed, 151 Ky., 715. Issues were then joined and upon the proof the court rendered a judgment for defendants, and the plaintiffs again appeal.

The heirs-at-law of J. W. Ried's deceased wife, who are the appellants here, and J. W. Ried owned jointly a

lot in Winchester, fronting 38 feet and 5 inches on Main Street, and extending 210 feet to an alley in the rear. August 1st, 1908, Ried and the heirs-at-law agreed to partition the lot and exchange deeds therefor, whereby Ried took the south portion of the lot, fronting 20 feet on Main Street, and the heirs took the north portion, fronting 18 feet and 5 inches on Main Street. The parties supposed that the lot was a rectangle, and that they were getting an equal frontage on the alley as well as on Main Street. The southern portion which the heirs took adjoined a lot which belonged to the Stubblefield estate, and they were among the heirs of that estate. August 28th, they joined with the heirs of Stubblefield in conveying to Piersall that part of the Stubblefield lot adjoining the lot which they received in the partition of the Ried property. On January 18th, 1909, Ried undertook to build a fence between the lots partitioned in order to enclose for himself a rectangle fronting 20 feet on Main Street and the alley. But the appellants objected, because they discovered that the frontage of their lot on the alley would be less than it was on Main Street, and insisted that Ried should bear his proportionate part of the shortage. The proof in the case shows that there was then 29 inches less front on the alley than on Main Street. When appellants complained, the parties entered into a written agreement in which it was recited that the line had not been definitely established, and that Ried might proceed to erect the partition fence as begun, that is, so as to enclose a rectangle fronting 20 feet on the street and alley, and Ried agreed to remove the fence if it should later be, established that he had enclosed more of the lot than he was entitled to. Ried died in about 11 months, and while he lived no steps were taken to establish the line. The Ried lot descended to the appellees by inheritance. In December, 1910, appellants brought this action to establish a division line and have it so drawn as to apportion between them the shortage on the alley in the proportion which 18 feet and 5 inches bears to 20 feet. It is alleged that the parties were laboring under a mutual mistake when they undertook to convey to each other the lots having a like frontage on the street and alley. The court found from the proof that at the time the deeds of partition were made the combined frontage of the two lots was 38 feet and 5 inches on both the street and alley,

but that the deed to Piersall, made by the Stubblefield heirs, in which the appellants joined, 28 days afterwards, conveyed a part of or encroached upon the lot of appellants to the extent of 29 inches, the exact shortage as ascertained by survey. We think this finding of the court is supported by the evidence, and we also concur in the opinion that if the appellants permitted Piersall to encroach upon the rear of their lot to the extent of 29 inches, in order that he might get the full width which he purchased from the Stubblefield heirs, then the appellees, who were in no wise connected with the Stubblefield transaction, should not be required to make up any part of that loss. The tentative agreement made January 18th, 1909, between the parties with reference to the division line was not a waiver by Reid of his rights, nor a concession of any part of his lot. The effect of this agreement was that if it should be established that at the time they divided the lot there was less frontage on the alley than on Main Street, then Ried would tear down his fence, and place it upon the real line after bearing his part of the shortage. But, as found by the court, there was no shortage, that is, there was an equal frontage on the alley and street at the time Ried and the appellants divided the lot.

The judgment is, therefore, affirmed.